IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01621-BNB

BRIAN M. GROSS,

    Applicant,

v.

BERRY GOODRICH, Warden BCCF, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Brian M. Gross, is a prisoner in the custody of the Colorado Department of Corrections (CDOC) at Intervention Community Corrections Services in Pueblo, Colorado.  Mr. Gross initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his conviction in case 04CR225 in the Pueblo County District Court.  Mr. Gross has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On July 2, 2014, Magistrate Judge Boyd N. Boland ordered Respondents to file a pre-answer response and address the affirmative defenses of timeliness and exhaustion of state-court remedies.  On July 31, 2014, Respondent filed a response (ECF No. 17).  Although Mr. Gross was given the opportunity to file a reply, he did not do so within the time allowed.

The Court must construe the Application liberally because Mr. Gross is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed for lack of jurisdiction.

Mr. Gross previously sought habeas corpus relief in this Court pursuant to § 2254 challenging the validity of the same state court conviction and sentence. *See Gross v. Davis*, No. 12-cv-01041-LTB (D. Colo. April 18, 2012). The Court may take judicial notice of its own records and files that are part of the Court's public records. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

In 2005, Mr. Gross pled guilty to class three felony theft pursuant to a deferred judgment and sentence agreement. (ECF No. 17-1 at 3-4, 21-22). Pursuant to the agreement, his guilty plea would be withdrawn and the conviction would not be entered if Mr. Gross successfully completed a four year term of supervision. (*Id.* at 3-4). Mr. Gross violated the terms of his supervision, however, and on July 6, 2007, the trial court entered judgment on the conviction and sentenced him to four years of probation. (*Id.* at 3-4, 18). Mr. Gross later violated the terms of his probation, and on May 6, 2009, the trial court revoked the probationary sentence and sentenced him to four years in the custody of CDOC. (*Id.* at 3-4, 15).

On September 28, 2009, Mr. Gross filed a motion for reconsideration, requesting a reduction of sentence. (ECF No. 17-1 at 14). On October 20, 2009, the trial court denied the request, and Mr. Gross did not file an appeal. On March 10, 2010, Mr. Gross filed a second motion for reconsideration, which the trial court denied. Mr. Gross did not file an appeal. (*Id.*).

On March 14, 2011, Mr. Gross then filed a postconviction motion pursuant to Colorado Rule of Criminal Procedure 35(c). (ECF No. 17-1 at 14). The trial court denied the motion on March 22, 2011. (*Id.*). Mr. Gross filed an appeal, and the Colorado Court of Appeals dismissed the appeal as untimely on January 27, 2012. (*Id.* at 11).

On November 17, 2011, Mr. Gross filed a second postconviction motion, which the trial court denied on November 29, 2011. (ECF No. 17-1 at 12). Mr. Gross filed an appeal, and the Colorado Court of Appeals dismissed the appeal with prejudice on April 26, 2012. (ECF No. 17-1 at 11).

On April 18, 2012, Mr. Gross filed a habeas corpus application pursuant to § 2254 in Case No. 12-cv-01041-LTB. The application was denied and the action was dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). *See* ECF No. 13 in No. 12-cv-01041-LTB. Mr. Gross did not appeal.

On May 7, 2014, Mr. Gross filed a third postconviction motion in the state trial court. (ECF No. 17-1 at 10). The trial court denied the motion, and Mr. Gross did not appeal. (*Id.*).

The Court has examined the records for No. 12-cv-01041-LTB and finds that Mr. Gross previously challenged the validity of the same conviction he challenges here. Therefore, the Court finds that the instant application is a second or successive application subject to the restrictions on filing a second or successive application in § 2244(b).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Gross must apply to the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application. *See Case v. Hatch*, No. 731 F.3d 1015, 1026 (10th Cir. 2013); *see also In*

*re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam).  Section 2244 requires an applicant to pass through two gates.  *Case*, 731 F.3d at 1026-27.  If the circuit court finds that the applicant makes a *prima facie* showing that the application satisfied the requirements of § 2244(b), the applicant may pursue a claim in district court.  *Id.*  The second gate requires the applicant to back up the *prima facie* showing at the district court level with actual evidence to show he can meet this standard.  *Id.*  Thus, gate one is at the circuit court level where a preliminary assessment occurs based on the application, and gate two is at the district court level where a record is made and a final assessment occurs.  *Id.* at 1029.

However, in the absence of a Tenth Circuit order authorizing this Court to consider a second or successive habeas corpus application, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application.  *See Cline*, 531 F.3d at 1251.  An applicant seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."  28 U.S.C. § 2244(b)(2)(B).

Mr. Gross does not allege that he has obtained authorization from the Tenth Circuit to file a second or successive § 2254 application.  Therefore, the Court either

must dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. When the claims being raised in the second or successive application clearly do not meet the statutory requirements set forth in § 2244(b)(2), "a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *See id.* at 1252.

Applicant's claims are not based on either a new rule of constitutional law or newly discovered evidence as required pursuant to § 2244(b)(2). Therefore, the Court finds that a transfer is not in the interest of justice for that reason alone. *See id.*

Consideration of the other relevant factors also supports this conclusion. It appears that Applicant's claims would be time-barred even if he had sought proper authorization prior to filing in this Court. In addition, it was clear when the instant action was filed that this Court lacks jurisdiction over Applicant's claims because his prior habeas corpus action in No. 12-cv-01041-LTB challenging the validity of the same conviction was dismissed as time-barred. As a result, the Court finds that a transfer of the instant action to the Tenth Circuit is not in the interest of justice. Instead, the action will be dismissed for lack of jurisdiction.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis*

status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed without prejudice for lack of jurisdiction.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  29th  day of   August        , 2014.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court